IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD P. SERVIA,                                    No. 2:15-cv-0510-CMK

        Plaintiff,

   vs.                                              MEMORANDUM OPINION AND ORDER

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

       Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 13) and defendant's opposition/cross-motion for summary judgment (Doc. 14). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

/ / /

/ / /

# I.  PROCEDURAL HISTORY[1]

Plaintiff applied for social security benefits with a protective filing date of August 30, 2012, alleging an onset of disability of July 31, 2012, due to severe chronic back pain, spinal stenosis and herniated disc, left knee problems, and affective (mood) disorders (Certified administrative record ("CAR") 43-45, 68, 122-25).  Plaintiff's claim was denied initially and upon reconsideration.  Plaintiff requested an administrative hearing, which was held on August 22, 2014, before Administrative Law Judge ("ALJ") John Michaelsen.  In an October 10, 2014, decision, the ALJ concluded that plaintiff is not disabled[2] based on the following findings:

---

[1]  Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the undersigned does not exhaustively relate those facts here.  The facts related to plaintiff's impairments and medical history will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[2]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

1.      The claimant meets the insured status requirements of the Social
        Security Act through December 31, 2014.

2.      The claimant has not engaged in substantial gainful activity since
        July 31, 2012, the alleged onset date (20 CFR 404.1571 *et seq*).

3.      The claimant has the following severe impairments: degenerative
        disc disease with herniated nucleus pulposus. (20 CFR
        404.1520(c)).

4.      The claimant does not have an impairment or combination of
        impairments that meets or medically equals one of the listed
        impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR
        404.1520(d), 404.1525 and 404.1526).

5.      After careful consideration of the entire record, the undersigned
        finds that the claimant has the residual functional capacity to
        perform sedentary work as defined in 20 CFR 404.1567(a).  In
        addition, the claimant would be further limited to no more than
        occasional kneeling, crouching, crawling, stooping, balancing, or
        climbing.

6.      The claimant is capable of performing past relevant work as a
        procurement officer.  This work does not require the performance
        of work-related activities precluded by the claimant's residual
        functional capacity (20 CFR 404.1565).

7.      The claimant has not been under a disability, as defined in the
        Social Security Act, from July 31, 2012, through the date of this
        decision (20 CFR 404.1520(f)).

(CAR 11-18).  After the Appeals Council declined review on January 8, 2015, this appeal

followed.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is:

(1) based on proper legal standards; and (2) supported by substantial evidence in the record as a

whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521

(9th Cir. 1996).  It is "such evidence as a reasonable mind might accept as adequate to support a

---

The claimant bears the burden of proof in the first four steps of the sequential evaluation
process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential
evaluation process proceeds to step five.  Id.

1  conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including

2  both the evidence that supports and detracts from the Commissioner's conclusion, must be

3  considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v.

4  Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's

5  decision simply by isolating a specific quantum of supporting evidence.  See Hammock v.

6  Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative

7  findings, or if there is conflicting evidence supporting a particular finding, the finding of the

8  Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

9  Therefore, where the evidence is susceptible to more than one rational interpretation, one of

10  which supports the Commissioner's decision, the decision must be affirmed, see Thomas v.

11  Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

12  standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th

13  Cir. 1988).

14  ### III.  DISCUSSION

15  Plaintiff argues the ALJ erred in failing to include the mild mental limitations he

16  found in a hypothetical to the vocational expert.  In essence, he is claiming the residual functional

17  capacity (RFC) the ALJ assessed was incomplete.

18  Residual functional capacity is what a person "can still do despite [the

19  individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003).  In determining residual

20  functional capacity, the ALJ must assess what the plaintiff can still do in light of both physical

21  and mental limitations.  See 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v.

22  Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current

23  "physical and mental capabilities").

24  Hypothetical questions posed to a vocational expert must set out all the

25  substantial, supported limitations and restrictions of the particular claimant.  See Magallanes v.

26  Bowen, 881 F.2d 747, 756 (9th Cir. 1989).  If a hypothetical does not reflect all the claimant's

4

limitations, the expert's testimony as to jobs in the national economy the claimant can perform

has no evidentiary value.  See DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).  While

the ALJ may pose to the expert a range of hypothetical questions based on alternate

interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's

determination must be supported by substantial evidence in the record as a whole.  See Embrey v.

Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988).

Here, the ALJ found plaintiff had one severe impairment, degenerative disc

disease with herniated nucleus pulposus.  This finding is not challenged.  As set forth above, the

ALJ found plaintiff had the RFC to perform sedentary work, but limited in his ability to kneel,

crouch, crawl, stoop, balance and climb.  No mental limitations were found.

As to plaintiff's mental health, the ALJ discussed the doctor's findings from

plaintiff's psychological evaluation, wherein plaintiff was diagnosed with adjustment disorder.

Evaluating this condition, the ALJ stated:

> However, there is no other evidence in the record to indicate that
> the claimant sought treatment for depression.  While it was noted
> in the record as a diagnosis in 2012, the review of systems portion
> of the treatment notes indicates that the claimant did not endorse
> anxiety, depression, or sleep disturbances. (Exhibits 5F/6, 8, 11,
> 15, 19; 11F/5, 16, 21).  Based upon his examination of the
> claimant, Dr. Sunde opined that the claimant's depressive
> symptoms stemmed from his health issues and pain, but that he had
> appeared to have adjusted well overall and the depression was
> almost completely resolved.  (Exhibit 8F/4).  This examination and
> the opinion of Dr. Sunde has been given significant weight.  Thus,
> based upon the lack of treatment and the opinion of Dr. Sunde, the
> undersigned finds that the claimant's medically determinable
> mental impairment of adjustment disorder does not cause more
> than minimal limitation in the claimant's ability to perform basic
> mental work activities and is therefore non-severe.

(CAR 14).

The ALJ went on to discuss "paragraph B" criteria.  The ALJ found plaintiff has

"no more than mild limitations" in all areas, including activities of daily living, social

functioning, and maintaining concentration, persistence, and pace.  He also has not experienced

1  episodes of decompensation of extended duration.  Thus, he found "[b]ecause the claimant's

2  medically determinable mental impairment causes no more than 'mild' limitations in any of the

3  first three functional areas and 'no' episodes of decompensation which have been of extended

4  duration in the fourth area, it is nonsevere (20 CFR 404.1520a(d)(1))."  (CAR 15).

5           These findings are supported by the medical evidence.  Specifically, Dr. Sunde,

6  who evaluated plaintiff during a consultative examination, diagnosed plaintiff with an adjustment

7  disorder with depression, but found plaintiff "presents with minimal depressive symptoms related

8  directly to health issues and pain and the limitations that they have caused in his life, although he

9  appears to have adjusted well overall.  The depression has almost completely resolved."  (CAR

10 14).  Dr. Sunde's functional assessment was: "No significant impairment on any of those items

11 and he is capable of managing his own finances."  (CAR 14).

12          Plaintiff contends the ALJ found he had mild limitations in activities of daily

13 living, social functioning, and concentration, persistence or pace.  As such, he was required to

14 include those limitations in his hypothetical to the vocational expert.  The case plaintiff relies is

15 an unpublished Ninth Circuit opinion, Hutton v. Astrue, 491 Fed.Appx. 850 (9th Cir. Dec. 5,

16 2012).  Plaintiff argues Hutton holds that even a mild mental impairment can and does preclude

17 skilled and semi-skilled work activity in the right circumstances.  While that may be true,

18 plaintiff has not shown his is the right circumstances.  The ALJ in Hutton specifically found,

19 based on medical opinion, that the claimant had mild mental limitations from his nonsevere

20 PTSD, but failed to include those limitations in his RFC.  See Hutton, 491 Fed.Appx. at 851

21 (stating "there was no reason for the ALJ to disregard his own finding that Hutton's nonsevere

22 PTSD caused some 'mild' limitations in the areas of concentration, persistence, or pace.").

23          Contrary to plaintiff's contention, in this case the ALJ did not specifically find

24 plaintiff had any mild limitations related to his mental impairment.  Rather, he found that

25 plaintiff's mental impairment causes *no more than* mild limitations.  In addition, there are no

26 medical opinions suggesting plaintiff has even mild limitations due to his mental impairment.

6

Rather, Dr. Sunde specifically found no significant impairment. The ALJ sufficiently considered plaintiff's non-severe mental impairment in his evaluation.

Accordingly, the undersigned does not find the ALJ erred in failing to include any mental limitations in his RFC.

The hypothetical the ALJ posed to the vocational expert included plaintiff's limitation to sedentary work, with no more than occasional crouching, crawling, balancing, keeling, climbing or stooping, as set forth in his RFC. Based on that hypothetical, the vocational expert testified plaintiff would be capable of performing his previous work as a procurement officer as normally performed. As the RFC sufficiently included plaintiff's limitations, the undersigned does not find error with the hypothetical posed to the vocational expert.

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion for summary judgment (Doc. 13) is denied;

2.     Defendant's cross-motion for summary judgment (Doc. 14) is granted; and

3.     The Clerk of the Court is directed to enter judgment and close this file.


DATED:  September 28, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE